## THOMPSON v. THE STATE.

1. CRIMINAL PLEADING: *Indictment charging offense in the alternative, bad.*
   An indictment charging that the defendant "did sell *or* give away whisky," under an act making it an offense to sell or give it away, is bad for uncertainty; but to charge that he "did sell *and* give away," is good. So to charge that he sold whisky *or* brandy is bad, but a charge that he sold whisky *and* brandy is good.

2. INDICTMENT: *Negativing prescription of physician.*
   Where an act makes it an offense to sell liquor without the prescription of a graduated physician, or regular practitioner of medicine, the indictment charging the offense must negative the prescription of both.

3. PHYSICIAN: *Answerable for false certificate.*
   If a physician give a false certificate under the liquor act of March 5, 1879, he is answerable therefor.

APPEAL from *Union* Circuit Court.

Hon. JAS. K. YOUNG, Circuit Judge.

*C. B. Moore, Attorney-General,* for the appellee.

The indictment was good under the *Act of* 1879, *pp* 22-23, and the evidence sufficient.

ENGLISH, C. J. The indictment charged in substance, "That J. B. Thompson and Paul E. Thompson, on the 10th day of April, 1880, in the county of Union, did, then

and there being in the town of El Dorado, in said county, sell, and at divers other times did give one Jesse B. Moore, a citizen of said county, intoxicating liquors, commonly called whisky, and also brandy, without a prescription therefor from a regular practicing physician, without any examination of the physical condition of said Moore having been made or certified by any such physician, and without any such examination of said Moore having been made to ascertain the kind and quantity of such intoxicating liquors, necessary to the particular case and cases of the said Jesse B. Moore, and when the health of the said Moore in fact did not require the same, contrary to the statute and against the peace," etc.

Appellant J. B. Thompson demurred to the indictment on the grounds following:

*First.* The indictment fails to state facts sufficient to constitute a public offense.

*Second.* It sets up more than one offense.

*Third.* It charges defendant with both selling and giving away whisky.

*Fourth.* It charges that he both sold and gave away both whisky and brandy, to one and the same person, at one and the same time.

*Fifth.* It fails to charge that defendant was not then and there a practicing physician, and not such as could prescribe either whisky or brandy.

*Sixth.* It alleges that the sale, etc., was made without any prescription from, or examination by, a practicing physician, but fails to charge that the same was made without a recommendation from such physician.

The court overruled the demurrer, the appellant was tried by a jury, found guilty, fined twenty-five dollars, and motion for a new trial and arrest in judgment overruled.

I. · The demurrer and motion in arrest both relate to the sufficiency of the indictment.

The statute, under which appellant was indicted, makes it a penal offense to sell, vend, or give away, in any manner, vinous or alcoholic liquors within three miles of the town of El Dorado, except for medical, chemical or sacramental purposes, upon the prescription or recommendation of a graduated physician or regular practitioner of medicine, who has taken the oath prescribed by the act. See *Act of March* 6, 1877, as amended by *Act March* 5, 1879. (*Acts of* 1877, *p* 26 ; *Acts of* 1879, *p* 22.)

It is an offense to sell, vend or give away, etc.

1. Indictment must not charge offense in the alternative. To charge that defendant did sell *or* give away would be bad, for uncertainty. But the charge that he did sell *and* give away, etc., is good. So, to charge that he sold whisky *or* brandy is bad ; but to charge that he sold whisky *and* brandy, etc., is good.

"If a statute makes it a crime to do this or that, mentioning several things disjunctively, all may, indeed, in general, be charged in a single count ; but it must use the conjunctive "and" where "or" occurs in the statute, else it will be defective as being uncertain. All are but one offense, laid as committed in different ways. And proof of it in any one of the ways will sustain the allegation. On the other hand the indictment may equally well charge what comes within a single clause of the statute, and still it embraces the complete proportions of an offense." 1 *Bishop, Crim. Pro., 3 Ed., Sec.* 585-592.

The act, as amended, does " not prohibit the sale of vinous or alcoholic liquors, nor any alcoholic, stimulating, or intoxicating bitters of any kind or form, when sold for medical, chemical, or sacramental purposes, upon a prescription or recommendation of a graduated physician, or

a regular practitioner of medicine," etc., who has taken the oath prescribed by the act, etc.

To come within the exceptions of the statute, the sale must be for medical, chemical. or sacramental purposes, upon a "*prescription*" or "*recommendation*," etc. There is no substantial difference between the words *prescription* and *recommendation*, as used in the act, and either, or both, disjunctively, may be used.

But the prescription or recommendation may be given by a " *graduated physician*," or "*regular practitioner of medicine.*" 2. Indictment.

The indictment negatives a prescription by a "regular practicing physician," but does not negative a prescription or recommendation by a " graduated physician."

All that is alleged in the indictment might be true, and yet appellant guilty of no offense; for he may have sold and given to Moore whisky and brandy, upon the prescription and recommendation of a *graduated physician*, (though not a regular practitioner of medicine,) who had taken the prescribed oath.

All that the indictment alleges about the examination and health of Moore is surplusage. If the sale is made upon the prescription or recommendation of a physician, acting under oath, it is a justification. If the doctor makes false or fraudulent prescriptions, etc., he is answerable therefor. 3. Physician, answerable for false certificate.

The demurrer should have been sustained to the indictment, for the fault above indicated; and for the same reason the judgment should have been arrested.

But little need be said of the evidence introduced on the trial. Appellant kept a drug store in El Eorado, was a physician, and had taken and filed the oath prescribed by the statute. But he did not, it seems, make the sale of whisky and brandy, alleged in the indictment, for medical

·or chemical purposes, upon his own prescription or recommendation as such physician, or the prescription, etc., of any other physician. The jury took it ·to be an ordinary beverage sale, and the evidence seemed to warrant their ·verdict.

But the indictment being bad, the judgment must be reversed, and the cause remanded with instructions to the ·court below to sustain the demurrer to the indictment.