McFALL v. STATE.

Opinion delivered December 17, 1904.

INDICTMENT—SIGNATURE TO INDORSEMENT.—The statutory provision that the indorsement of "A true bill" on indictments shall be signed by the foreman of the grand jury is directory; and where such signature is omitted, the irregularity is waived unless objection is made before defendant pleads to the indictment.

Appeal from St. Francis Circuit Court.

Hance N. Hutton, Judge.

Affirmed.

*S. H. Mann,* for appellant.

The indictment should have been quashed because it was not properly indorsed. Sand. & H. Dig. § 2071; 52 Ark. 275.

*George W. Murphy, Attorney General,* for appellee.

Riddick, J. On the 19th day of March, 1904, the grand jury of St. Francis County returned an indictment against Sam McFall, charging him with the crime of murder in the first degree, committed by shooting Tom Withers with a pistol. A copy of the indictment was served on the defendant on the same day, and five days afterwards the defendant was arraigned and pleaded not guilty to the indictment without having made any objection thereto.

On the trial he was found guilty of voluntary manslaughter, and his punishment was assessed at two years in the penitentiary.

Defendant appealed from the judgment against him, and now contends that the indictment should have been quashed because the name of the foreman of the grand jury was not indorsed on the back of it, as the statute directs. But the provision of the statute that the foreman of the grand jury shall sign the indorsement "A true bill," which must be placed on an indictment, is directory, and the objection is waived unless made before the pleading. *State* v. *Agnew,* 52 Ark. 275. Indeed, as the defect complained of is a matter of form from which plaintiff suffered no injury, there is room to doubt whether it would be ground for reversal, even had the objection been made in due time, unless there were other reasons to doubt whether the indictment had been properly returned. But in this case the record shows that this indictment was returned into open court by the grand jury, and is entirely regular in every other respect. For the reasons stated the contention is overruled.

We find no error either in giving or refusing instructions by the court. The instructions, taken as a whole, were very fair

to the defendant, and in our opinion the evidence fully supports the charge. In fact, it seems to us that the jury were rather lenient towards defendant. On the whole case, we feel confident that the judgment should be affirmed. It is so ordered.