GRAMLICH *v.* STATE.

Opinion delivered July 8, 1918.

1. CRIMINAL LAW—ILLEGAL MANUFACTURE OF LIQUOR—CHARGE OF TWO CRIMES.—When defendant was charged in one indictment with the crimes of manufacturing and being interested in the manufacture of liquor (if they are two crimes), defendant's remedy is by motion to require the State to elect.

2.  LIQUOR—ILLEGAL MANUFACTURE.—The evidence held sufficient to warrant a conviction of the crime of the illegal manufacture of intoxicating liquor.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little,* Judge; affirmed.

*I. S. Simmons,* for appellant.

1.  The demurrer should have been sustained. It was defective—did not state facts sufficient to charge a public offense but charges two separate felonies.

2.  The court erred in refusing the instructions asked by defendant. *Douglas* v. *State,* ms., August, 1917.

3.  The liquor was not intoxicating. It contained no alcohol when seized.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1.  The demurrer was properly overruled. Acts 1915, Act 30, § 2. It follows the language of the statute. It does not charge two offenses. The charge is conjunctive. The motion was made to elect. 37 Ark. 408; 84 *Id.* 136.

2.  Instruction No. 2 for appellant was properly refused. It was fully covered by others given.

3.  No. 3 was properly refused, as the substance was given in others. 128 Ark. 35.

4.  The evidence is ample to sustain the verdict. The liquor was alcoholic and intoxicating.

SMITH, J. Appellant was convicted under an indictment which, omitting the caption and signature, reads as follows:

"The grand jury of Sebastian County for the Fort Smith District thereof, in the name and by the authority of the State of Arkansas accuse the defendant, Joe Gramlich, of the crime of manufacturing intoxicating liquor, committed as follows, towit: The said Joe Gramlich, in the county, district and State aforesaid, on the 28th day of January, 1918, unlawfully and feloniously did manufacture, and unlawfully and feloniously was

interested in the manufacturing of alcoholic, vinous, malt, spirituous, fermented and intoxicating liquors, against the peace and dignity of the State of Arkansas.''

The prosecution was based on an alleged violation of section 2 of Act No. 30 of the Acts of 1915, page 98, which provides that it shall be unlawful to ''manufacture, sell or give away, or be interested, directly or indirectly, in the manufacture, sale or giving away, of any alcoholic, vinous, malt, spirituous, or fermented liquors, or any compound or preparation thereof commonly known as tonics, bitters, or medicated liquors, within the State.''

A demurrer to this indictment was filed and over-ruled, and it is now said that the indictment was defective in that it ''does not state facts sufficient to constitute a public offense.'' And it is also objected that the indictment charges appellant with two separate felonies.

The indictment follows the language of the statute and so describes the offense charged as to apprise the appellant of the charge he is to meet, and it is, therefore, sufficient.

(1) The objection that two offenses were charged was raised only by demurrer, and the objection is that the indictment charges that appellant manufactured liquor and that he was interested in the manufacture of of liquor. If it be conceded that manufacturing and being interested in the manufacture of liquor are separate offenses, and that appellant is charged with a violation of both of them, he was charged conjunctively, and not disjunctively, and no motion was made to require the State to elect. The indictment was not defective because it charged two offenses conjunctively. And the proper motion to raise the question that more than one offense is charged is one to require the State to elect. *Thompson* v. *State,* 37 Ark. 408; *Mears* v. *State,* 84 Ark. 136; *Rogers* v. *State,* 201 S. W. 845.

Appellant complains of the action of the court in refusing to give instructions numbered 2 and 3 requested by him which declared the law on the subject of reason-

able doubt. If it be conceded that both of these instructions were correct, it does not follow that error was committed in refusing to give them. Other instructions given by the court fully declared the law on that subject, and no error was committed in refusing to multiply instructions upon a question which had already been fully covered.

It is insisted that the evidence is not sufficient to support the verdict of the jury. Appellant testified that he was engaged only in making vinegar for his own use and that the liquid which he was preparing was not alcoholic and that it was not adapted for use as a beverage. The officers who made the arrest, however, testified that the liquor which they found was known as Choctaw beer and was made out of hops, malt and bran. They found parts of two kegs, neither of which was full, and they testified that it was the custom of persons who drank this liquor to have one keg making while they drank the other, as it has to be made a few days before it is ready to drink. They testified that the liquor was drunk as a beverage and would make one intoxicated who drank a sufficient quantity.

(2) It is finally insisted that the liquor was not alcoholic or intoxicating and that if it did in fact at any time become alcoholic that this chemical change resulted from an exposure of the liquor to the action of the air after it was taken from his possession. But one of the instructions given by the court took care of this question of fact by charging the jury as follows:

"The court further charges you that you must find that the liquid contained alcohol at the time it was received from the possession of the defendant. Unless you so find beyond a reasonable doubt you should return a verdict in his favor and acquit."

The officers testified that they drew off a pint bottle of the liquor from each of the kegs and carried these samples to a chemist for examination and poured the remainder of the liquor on the ground. This chemist testified that he made an analysis of the samples and

found that they contained alcohol, by volume, 2.8 per cent., and, by weight, 2.33 per cent., and that a liquor containing this quantity of alcohol was intoxicating. He also testified that if a sufficient quantity of sugar had been added the liquor would have gone to between 9 and 14 per cent. of alcohol. This testimony was sufficient to support a finding that appellant was manufacturing liquor which was both alcoholic and intoxicating. And as no error appears in the record the judgment is affirmed.