CHRONISTER *v*. STATE.

Opinion delivered September 29, 1919.

1. CRIMINAL LAW—INDICTMENT—CHARGING TWO OFFENSES—LIQUOR LAWS.—Not more than one offense may be charged in a single indictment, except in certain instances, and a violation of the liquor laws is not one of them.

2. SAME—SAME—STATE MUST ELECT.—Where two separate offenses are charged conjunctively in the same indictment, the State may be required to elect upon which it will stand.

3. LIQUOR—MANUFACTURE—SALE.—Under the liquor statutes, the manufacture of wine is a separate and distinct thing from the sale thereof. The proof of making wine will not establish a sale thereof, and *vice versa.*

4. SAME—SAME—SAME—INDICTMENT CHARGING BOTH.—An indictment under act of February 6, 1915, is invalid which charges both the manufacture and the sale of liquor.

Appeal from Johnson Circuit Court; *A. B. Priddy,* Judge; reversed.

*Jesse Reynolds* and *G. O. Patterson,* for appellant.

1. The demurrer to the indictment should have been sustained. It charges two offenses and the State should at least have been required to elect upon which charge the State would proceed. Kirby's Digest, § 2230; 135 Ark. 243; 36 Ark. 55; 37 *Id.* 224; 50 *Id.* 305; 92 *Id.* 413; 118 *Id.* 35.

2. It was error to permit Arch Wilkins to testify as to John G. Chronister slipping in before the grand jury and indicting his brother and allowing N. A. Holman to testify as to what defendant said and the evidence fails to justify a verdict either for making or selling wine.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

Confesses error, citing Kirby's Digest, § § 2230-1; 48 Ark. 94; 33 Ark. 176; 36 *Id.* 55; 38 *Id.* 555; 45 *Id.* 62; 59 *Id.* 326; 68 *Id.* 251; 97 *Id.* 5; 135 *Id.* 243.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the Johnson Circuit Court for manufacturing and selling wine. The indictment charged, in substance, that, on the first day of September, 1917, appellant did unlawfully, wilfully, and feloniously manufacture, sell and give away ardent, vinous, malt, spirituous and fermented liquors and alcoholic spirits and a certain compound and preparation thereof commonly called ton-

ics, bitters and medicated liquors, against the peace and dignity of the State of Arkansas.

Among other proceedings, appellant filed a motion to require the State to elect on which charge it would try him. The court overruled the motion, to which ruling proper exceptions were saved by appellant. Evidence was adduced tending to show both the manufacture and sale of wine by appellant. The cause was sent to the jury upon the theory that appellant might be convicted either for the manufacture or sale of wine. The verdict was in the following form: "We, the jury, find the defendant guilty as charged and assess his punishment at one year in the penitentiary."

From the judgment of conviction, an appeal has been prosecuted, under proper proceedings, to this court.

Under the indictment and proceedings in the case, it is impossible to ascertain whether appellant was convicted for manufacturing or selling wine. Appellant was indicted under the act of February 6, 1915, which reads as follows: "It shall be unlawful for any person, firm or corporation, to manufacture, sell or give away, or be interested, directly or indirectly, in the manufacture, sale or giving away of any alcoholic, vinous, malt, spirituous or fermented liquors, or any compound or preparation thereof, commonly called tonics, bitters, or medicated liquors within the State of Arkansas." Acts 1915, p. 98. The manufacture of wine is a separate and distinct thing from the sale thereof. The proof of making wine will not establish a sale thereof, and *vice versa.* It is therefore apparent that the statute just quoted makes the manufacture and sale of wine separate and distinct offenses. It is forbidden by statute in this State to charge more than one offense in any indictment, except in certain instances. The exceptions do not include violations of the liquor laws. Sections 2230 and 2231, Kirby's Digest. Where two separate offenses are charged conjunctively in the same indictment, the State may be required to elect upon which charge it will stand. *Gramlich* v. *State,* 135 Ark. 243. Appellant filed such a mo-

tion in apt time, which was overruled, and the Attorney General has frankly confessed error.

For the error indicated, the judgment is reversed and the cause remanded with directions that appellant's motion to require the State to elect be sustained and that appellant be given a hearing upon the charge elected by the State.