TARKINGTON *v.* STATE.

Opinion delivered June 26, 1922.

1. CONTINUANCE—ABSENT WITNESS.—It was not error to refuse a continuance for an absent witness who had disregarded a subpoena and disappeared, in the absence of a showing as to her whereabouts or that her testimony could be procured at the next term of court.

2. CRIMINAL LAW—INCOMPETENT EVIDENCE—INVITED ERROR.—In a prosecution for robbery for which defendant was indicted with another, who had absconded, where defendant introduced evidence of the statements, acts and conduct of the other accused person, after his arrest, the admission of testimony of the flight of the other was not error, since defendant lost his right to complain by introducing incompetent evidence in relation to the other's conduct.

3. CRIMINAL LAW—DUTY TO GIVE WRITTEN INSTRUCTIONS.—Under Const. art. 7, § 23, it is the duty of the trial court to give written instructions to the jury when requested.

4. CRIMINAL LAW—BYSTANDERS' BILL OF EXCEPTIONS.—Under Crawford & Moses' Dig., § 1322, providing that if the party excepting is not satisfied with corrections of the bill of exceptions by the trial judge, he may procure "the signatures of two bystanders attesting the truth of his exception," a bill of exceptions attested by appellant's attorneys is insufficient, since they are not "bystanders."

5. ROBBERY—SUFFICIENCY OF EVIDENCE.—In a prosecution for robbery evidence *held* sufficient to support a verdict of guilty.

Appeal from Pope Circuit Court; *A. B. Priddy,* Judge; affirmed.

*Mitchell & Williams, Robert Bailey* and *Patterson & Ragon,* for appellant.

*J. S. Utley,* Attorney General; *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

HUMPHREYS, J. Appellant was jointly indicted with Bill Chronister in the Pope Circuit Court for the crime of robbery, and on January 17, 1922, at an adjourned term of the November, 1921, term of said court, was separately tried, convicted and sentenced to serve three years in the State Penitentiary as punishment therefor. He was first separately tried at the November, 1921, term, but the jury failed to agree. The cause against both Chronister and appellant was continued and set for December 20, 1921. On that date an unsuccessful attempt was made to obtain a continuance of the cause against Chronister on the ground that he was ill at home near Benton. The court declared a forfeiture on Chronister's bond and ordered the issuance of an alias warrant for him. The cause against both was then continued until January 16, 1922, to which time court was adjourned. During the interim it was discovered that Chronister had absconded, and the circuit judge notified the parties that the cause against appellant would stand for trial on January 16, 1922. When the court reconvened, all the witnesses theretofore subpoenaed were present except Mrs. Bill Chronister, wife of appellant's codefendant. None of the witnesses knew what had become of Bill Chronister and his wife. He had disappeared and was a fugitive from justice. Appellant thereupon filed a motion for continuance on account of the absence of Mrs. Chronister, who had been duly subpoenaed and for whom an attachment had been issued but who could not be found. She had testified in the first trial, and her evidence was material as tending to establish an alibi for appellant. No showing was made in the motion for continuance as to the whereabouts of Mrs. Chronister, and no showing that her presence or testimony could certainly be procured by the regular April term of court. She had disregarded the subpoena, suddenly disappeared, and her husband had absconded. We think, under the circumstances, the court did not abuse its discretion in concluding that the absent witness had gone with her hus-

band, and that appellant could not obtain her presence or deposition if accorded a continuance. Error was not committed in overruling the motion for continuance. *Allison* v. *State,* 74 Ark. 450; *Coppersmith* v. *State,* 149 Ark. 597.

Appellant next contends that the court committed reversible error in permitting the State to prove that his alleged accomplice, Bill Chronister, was a fugitive from justice. This court said in the case of *Benton v. State,* 78 Ark. 290, that "the law is well settled that the acts and declarations of coconspirators, in the absence of the defendant, after the consummation of the criminal enterprise, cannot be admitted in evidence." Appellant, however, is not in position in the instant case to invoke this rule. He not only acquiesced but assisted the State in getting the statements, acts and conduct of Chronister immediately after his arrest before the jury. After the State had shown that Chronister and appellant were taken to the scene of the robbery for the purpose of identification, and that Chronister's shoes were compared with tracks made by the robbers, appellant drew out of the witness, C. C. Hurdlow, on cross-examination, that Chronister had requested, when arrested, to be taken before his accusers that they might have an opportunity to say whether he was the guilty man, and also a statement of Chronister to the officer who was measuring and comparing the tracks, that he owned two pairs of shoes. Appellant followed this up by introducing Wheeler Morgan, who gave direct testimony to the same effect tending to establish frankness on the part of Chronister. The issue of whether Chronister was guilty or innocent, as tested by his conversation and conduct after his arrest, was willingly accepted and acquiesced in by appellant until Chronister's flight was touched upon. Then for the first time he objected. The rule of evidence is that one who introduces incompetent testimony himself cannot complain when his adversary introduces in rebuttal testimony of the same character. *Beck* v. *Biggers,* 66 Ark.

292; *Mitchell* v. *Smith,* 86 Ark. 486. It was not error, under the circumstances, to permit the State to show the flight of Chronister.

Appellant next insists that the court erred in instructing the jury orally when requested to instruct them in writing. The Constitution of this State makes it the duty of the trial court to instruct the jury in writing when requested to do so. Article 7, sec. 23, of the Constitution of 1874. There appears in the bill of exceptions a request by appellant for written instructions. Immediately following the request is an affidavit of the circuit judge to the effect that no such request was filed or called to his attention in any manner or form. This was tantamount, on the part of the judge, to refusing or striking out the exception. Two affidavits of appellant's attorneys appear in the bill of exceptions tending to show that the written request for instructions was presented to the judge, but these affidavits do not meet the requirements of the law for correcting the bill of exceptions. When the judge refuses to certify a bill of exceptions, it can only be certified by bystanders who are not directly concerned in the controversy. Attorneys in the case are not bystanders in the meaning of the law. *Gay Oil Co.* v. *Akins,* 100 Ark. 552. No error was committed in orally instructing the jury.

Appellant's last insistence for reversal is that the evidence is insufficient to support the verdict. The record reflects that on the night of October 16, 1921, two masked men entered the home of Mrs. Scarbrough and her daughter, Dessie Smith, who resided about 12 miles north of Russellville, and, at the point of a pistol, robbed them of $545. The men had a large flashlight which lighted the room more brightly than a lamp. After they obtained the satchel containing the money from Mrs. Scarbrough, Dessie Smith engaged in a struggle with one of them for the money, but was overpowered. She got a good view of the eyes and general make-up of the robbers. She became convinced that one of them was Bill Chronister, and

so notified the officials.   After the arrest of Chronister and appellant, they were taken before the women for identification.   Dessie Smith identified Chronister, and said, judging from his eyes and general make-up, according to her best judgment and belief, appellant was the other participant in the robbery.   The undisputed testimony showed that appellant and Bill Chronister were together during the entire night of the robbery, and that they had been close companions and associates for some time. Chronister's flight indicated a guilty conscience, and, as the two were admittedly together the entire night, it is hardly probable that appellant is innocent if Chronister was guilty.

After a careful reading of the record we are convinced that there was sufficient substantial evidence to support the verdict.   No error appearing, the judgment is affirmed.