RINEHART *v.* STATE.

Opinion delivered July 9, 1923.

1. INDICTMENT AND INFORMATION—JOINDER OF OFFENSES.—The offenses of selling and procuring intoxicating liquor for another, under Acts 1921, No. 230, may be joined in one indictment.

2. INDICTMENT AND INFORMATION—ELECTION BETWEEN COUNTS.—
Where an indictment charged unlawful sale of intoxicating
liquor in one count and unlawful procuring of such sale in
another count, the action of the State in offering evidence only
to show an unlawful sale was equivalent to an election to rely
only upon that charge.

3. INDICTMENT AND INFORMATION—CLERICAL MISPRISION.—Where an
indictment charged the defendant with the crime of selling liquors,
followed by allegations that he sold "alcoholic, vinous, malt,
spirituous and fermented ——————," the omission of the word
"liquor" after the word "fermented" was a clerical misprision
which did not invalidate the indictment.

4. CRIMINAL LAW—HARMLESS ERROR.—A charge in one count of an
indictment of both a gift and sale of intoxicating liquor was
not prejudicial where the State elected to rely upon the charge
of selling liquor, which was supported by the evidence, and of
which alone defendant was convicted by the jury.

Appeal from Perry Circuit Court; *John W. Wade,*
Judge; affirmed.

*Oscar H. Winn* and *X. O. Pindall,* for appellant.

There is a misjoinder of offenses in the indictment.
C. &. M. Digest, §§ 3016, 3015; 50 Ark. 30, 31.

*J. S. Utley,* Attorney General, *John L. Carter* and
*Wm. T. Hammock,* Assistants, for appellee.

The indictment is sufficient. 14 R. C. L. 197; 149
Ark. 387; 143 Ark. 364; 140 Ark. 50.

*Oscar H. Winn* and *X. O. Pindall,* for appellant, in
reply.

To charge "sell or give away, or be interested in
selling or giving away alcoholic, vinous, malt, spirituous
and fermented ——," does not charge a crime. It is
not a misprision, it is a fatal omission. 36 Ark. 242; 34
Ark. 275; 130 Ark. 457.

WOOD, J. The grand jury of Perry County, in the
first count of an indictment, accused Henry Rinehart of
the crime of selling liquor, committed as follows: "The
said Henry Rinehart, in the county and State aforesaid,
on the 1st day of September, A. D. 1922, unlawfully and
feloniously did sell and give away, and was interested
in selling and giving away alcoholic, vinous, malt, spir-

ituous and fermented ————, against the peace and dignity of the State of Arkansas.''

In the second count the grand jury accused him of the further crime of procuring liquor, committed as follows: ''The said Henry Rinehart, on the 1st day of September, 1922, in the county and State aforesaid, unlawfully and wilfully did procure and purchase for another person, and was interested in procuring and purchasing for another person alcoholic, vinous, malt, spirituous and fermented liquor.''

The appellant moved to quash, and also demurred to the indictment, on the ground that it charged two of-. fenses in the first count and that it did not charge that appellant sold and gave away intoxicating liquor; that it did not state any charge with sufficient certainty to constitute a public offense.

G. O. Martin, a witness for the State, testified that he had known the defendant twenty years—had bought whiskey from him as many as three times in the spring of 1921. He bought a quart and paid the defendant $3 for it. This was at Adona, Perry County, Arkansas. He bought a half gallon from him at his home in Perry County in the spring of 1922, and paid him $7 for it. It was pretty bad stuff; it was intoxicating. Witness had been buying whiskey from the defendant from the spring of 1921 to the spring of 1922.

The defendant and two of the witnesses in his behalf testified to the effect that the defendant did not sell Martin any whiskey on the occasions mentioned by him; that Martin came to the house of the divorced wife of the defendant, where the defendant was at the time: that Martin on that occasion was drunk and had whiskey, and asked the defendant if he wished to buy some whiskey. Defendant did not buy any whiskey from Martin, and did not sell him any then, or at any other time. Martin was recalled, and denied the testimony of the defendant and the witnesses.

The jury returned the following verdict: "We, the jury, find the defendant guilty of selling whiskey, as charged in the indictment." The court overruled the motion for a new trial and also motion to arrest, and rendered judgment sentencing appellant to one year's imprisonment in the State Penitentiary, from which is this appeal.

1. One of the grounds urged by appellant's counsel for reversal is that the indictment is fatally defective because of the misjoinder of offenses, that is, the offense of selling intoxicating liquor in the first count, if such count be valid, with the offense of procuring intoxicating liquor in the second count. The indictment was not defective in this respect, because act 230 of the Acts of 1921 provides that the offenses of selling and procuring intoxicating liquor may be joined in one indictment. Furthermore, the testimony adduced by the State was directed solely to the offense of selling liquor. There was no testimony whatever by the State to prove that the appellant procured any intoxicating liquor. This act of the State in ignoring the second count was tantamount to an election by the State to prosecute the appellant only on the first count.

2. The appellant contends that the first count was fatally defective because it did not name any alcoholic, vinous, malt, spirituous and fermented liquor in the charging clause of that count of the indictment. But the language of this count of the indictment must be considered as a whole in determining whether or not it was sufficient to charge a public offense. In the first paragraph the grand jury accused the appellant of the crime of selling liquor. Here it names the offense and follows it with the description "alcoholic, vinous, malt, spirituous and fermented ――――――." The omission of the word "liquor" after the word "fermented" is obviously but a misprision, and, when the language of the entire count is considered, it is clear that the appellant is charged with the crime of selling "alcoholic, vinous,

malt, spirituous and fermented liquor.'' See *Bennett* v. *State,* 73 Ark. 386.

Counsel for appellant also urge that this count is defective because it contains the double charge of selling and also of giving away liquor. But, as we have seen, the State elected to pursue the appellant only for the offense of selling liquor by directing its proof solely to that offense. Such offense is aptly charged in the first count, and the verdict of the jury was responsive to the charge of selling liquor in that count and to the proof to sustain such charge. See *McIntyre* v. *State,* 151 Ark. 458, 461, 462. Since the State elected to direct its proof solely to the charge of selling, and abandoned or ignored the charge of giving away, appellant could not have been prejudiced because the latter offense was joined with the offense of selling, for which alone the appellant was tried and convicted. See *Chronister* v. *State,* 140 Ark. 40.

We conclude by saying that the indictment contained a valid charge against the appellant for selling liquor. The State, by its testimony, elected to proceed against him solely on that charge. The verdict of the jury was responsive to the evidence adduced, and the evidence was sufficient to sustain the verdict. The judgment is therefore correct, and it is affirmed.