## YELVINGTON *v.* STATE.

### Opinion delivered October 12, 1925.

1. INDICTMENT AND INFORMATION—GROUND FOR QUASHING.—An indictment will not be quashed because the judge entered the grand jury room and charged the grand jury secretly.

2. CONTINUANCE—ABSENT WITNESSES.—A continuance for two witnesses absent from the State was properly refused where the location of one was unknown, and it does not appear that a postponement to another day of the term would not have been sufficient to procure the other's deposition.

3 CRIMINAL LAW—INVITED ERROR.—Erroneous testimony elicited by defendant's counsel cannot be complained of by defendant, being invited.

4. CRIMINAL LAW—ARGUMENT—HARMLESS ERROR.—In a prosecution for larceny, a remark of the prosecuting attorney in argument that the defendant failed to testify in a civil case brought against him by the prosecuting witness to recover the property alleged to have been stolen by him was not prejudicial where the evidence as to the testimony in the civil case was brought out by the defendant, and the court instructed the jury that they were to determine the criminal case by the evidence in that case, and not by the verdict in the civil case.

Appeal from Monroe Circuit Court; *George W. Clark,* Judge; affirmed.

*Bogle & Sharp,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

WOOD, J.  The appellant was charged in one indictment on two separate counts for the crimes of grand larceny and receiving stolen property.  He was tried on both counts and convicted of the crime of grand larceny and sentenced by judgment of the court to imprisonment in the State penitentiary for a period of one year, from which he prosecutes this appeal.

The testimony for the State tended to prove that Will Breeding lost two hogs that were raised around his home.  The hogs were found on October 24, 1924, in Monroe County fastened up in J. A. (Mann) Yelvington's barn.  J. A. (Mann) Yelvington was a cousin of the appellant, with whom the appellant lived at the time Breeding lost his hogs.  The appellant defended on the ground that the hogs were his property, having been purchased by him from his cousin J. A. (Mann) Yelvington.  Mann Yelvington testified that he purchased the hogs from J. W. Brown, and that he sold the hogs to appellant.

1.  The appellant moved to quash the indictment on the ground that the presiding judge, without authority of law, went into the grand jury room and gave instructions to the grand jury in secret.  The motion was overruled, and the appellant makes this ruling of the court one of the grounds of his motion for a new trial.  The motion does not present any of the statutory grounds for setting aside the indictment.  See § 3057, C. & M. Digest.  The motion to quash merely states that the presiding judge entered the grand jury room and gave the grand jury instructions in secret.  The motion does not allege what instructions were given to the jury.  The mere entering of the grand jury room and instructing the jury about the matter pending before them is not declared by the statute to be a ground for setting aside an indictment.  There is no statute prohibiting the trial judge from entering the grand jury room and giving instructions to the jury.  The deliberations of the grand jury are secret, and the statute provides that "the grand jury may, at all reasonable times, ask the advice of the court or the prosecuting attorney."  Section 2995, C. & M. Digest.  There-

fore, even if the court entered the grand jury room and gave the jury instructions, it would not invalidate the indictment. It is not alleged that the trial judge entered the grand jury room and remained therein while the jury were examining the charge or deliberating or voting thereon. Section 2996, C. & M. Digest. Taking the allegations of the motion as true, what the court did, at most, was to charge the grand jury secretly, but even this is not a ground for quashing the indictment.

In *Spear* v. *State,* 130 Ark. 457, we said: "Errors committed by the trial court in instructing grand juries do not constitute grounds for quashing indictments returned by them." And in *Bethel* v. *State,* 162 Ark. 76-82, we said: "There can be no review of alleged errors of a court in its charge to the grand jury preceding the finding of an indictment." In *State* v. *Fox,* 122 Ark. 197-200, we held that the proceedings of a grand jury could not be examined and reviewed upon a motion to quash the same except for causes specified in the statute.

2. The appellant moved to continue the cause on account of the absence of one P. W. Brown and Mrs. A. T. Lynch. He alleged that Brown lived at Malden, Missouri, and that appellant had been unable to go to Malden to take Brown's deposition; that, if the cause were continued for the term, he would be able to have his deposition at the next term of the court; that he had not had sufficient time to take his deposition since the indictment was returned, for the reason that the time had been short, and the attorneys for the State had been busy in court looking after other cases. Appellant further states that he "has been unable to locate Mrs. Lynch since his indictment, but that, if this cause is continued until the next term of the court, he would be able to locate her and take her deposition." And further alleged that these witnesses were not absent from the State on account of any connivance or conspiracy on his part. The appellant alleged what he proposed to prove by the testimony of these witnesses and stated that he could not prove the same facts by any other witness.

The court did not err in overruling the motion for a continuance. It was not alleged that Mrs. Lynch was within the jurisdiction of the court, nor were any facts alleged to show that the appellant could certainly take her testimony or have her present in person at the next term of the court. The appellant could not locate this witness. The appellant stated that Brown was at Malden, Missouri, and that he had not had sufficient time to take his deposition, but that, if the cause were continued for the term, he would be able to have Brown's deposition at the next term. The purported testimony of these witnesses was material, but the facts alleged by the appellant were not sufficient to entitle him to a continuance. The appellant did not ask that the cause be postponed to a later day in the term in order to enable him to have Brown present or to take his deposition. He does not allege facts to show that it was necessary to continue the cause in order to procure the testimony of the witness Brown, and, for aught that the record shows to the contrary, if the appellant had requested a postponement of the cause to a later day in the term when he might have had the witness or his testimony before the court, the court may have granted such postponement. The facts alleged do not show any abuse of the court's discretion in overruling the appellant's motion for a continuance. See *McDonnell* v. *State,* 160 Ark. 185-189; *Wood* v. *State,* 159 Ark. 671.

3. We find no error in the rulings of the trial court in admitting the testimony of witnesses to the effect that Breeding had brought a suit in replevin to obtain possession of the hogs. This testimony was brought out by counsel for the appellant, and, if error, was invited error. *Smith* v. *State,* 153 Ark. 645; *Tarkington* v. *State,* 154 Ark. 365; *Bourland* v. *State,* 141 Ark. 281; *Harper* v. *State,* 151 Ark. 342.

4. The court, among other instructions, told the jury that they were not concerned as to how the jury may have decided the rights of the parties as to the possession of the property in the civil action; that they were to deter-

mine the guilt or innocence of the appellant by the evidence introduced at this trial, and not by the verdict of the jury in the civil proceedings. This instruction was sufficient to remove any possible prejudice that may have been lodged in the minds of the jury by any testimony or any remarks of the prosecuting attorney concerning the civil action. The record discloses the following: The prosecuting attorney argued further as follows: "This defendant failed to take the witness stand in his own case, gentlemen of the jury, when a man was asking for his property to be returned to him by an honest jury." Mr. Bogle: "We ask the court to exclude that." Court: "That is competent argument." "We desire to save our exceptions to that argument." "The defendant is a brother to Buford Yelvington, a brother to Millard Yelvington and a cousin to Mann Yelvington." Mr. Bogle: I object to that. Mr. Waggoner, resuming his argument, "I don't want you to try him on Mann's reputation; if you did, you would electrocute him."

We agree with the trial court that, in view of the evidence that had been elicited at the instance of the appellant, there was no prejudicial error in the remarks of the prosecuting attorney concerning the appellant's failure to testify in the civil action. But, if mistaken in this, the court's instruction, as already stated, removed any possible prejudice that might have been created in the minds of the jury. The appellant did not object and save his exceptions to the remarks of the prosecuting attorney concerning the reputation of Mann Yelvington as follows: "I don't want you to try him on Mann's reputation; if you did, you would electrocute him." Therefore, since these remarks of the prosecuting attorney were not challenged at the trial, they cannot be challenged here for the first time, and we make no ruling concerning them.

The record presents no reversible error, and the judgment is therefore affirmed.