WITHEM v. STATE.

Opinion delivered November 21, 1927.

1. INDICTMENT AND INFORMATION—INDORSEMENT BY FOREMAN OF GRAND JURY.—Under Crawford & Moses' Dig., § 3009, requiring that an indictment be indorsed "a true bill," and the indorsement signed by the foreman, *held* an indictment is not defective because the foreman indorsed his name above the words, "a true bill."

2. CRIMINAL LAW—INSTRUCTION DEFINING OFFENSE.—It was not error for the court to instruct the jury, in a prosecution for selling intoxicating liquors, by defining the offense charged in the language of the statute under which the indictment was drawn.

3. CRIMINAL LAW—APPLICATION OF INSTRUCTIONS TO CASE.—In a prosecution under Crawford & Moses' Dig., § 6160, for selling and giving away intoxicating liquors, where the testimony exclusively involved the issue of sale, refusal of the court, over defendant's objection, to eliminate the language in instructions submitting the issue of giving away liquor, *held* error.

4. CRIMINAL LAW—ABSTRACT INSTRUCTIONS.—It is error to give abstract instructions calculated to confuse and mislead the jury.

5. CRIMINAL LAW—WHEN ABSTRACT INSTRUCTIONS NOT MISLEADING.—In a prosecution for selling and giving away intoxicating liquors under Crawford & Moses' Dig., § 6160, instructions permitting the jury to convict if defendant gave away or was interested in giving away intoxicating liquors, *held* not to require reversal as abstract and calculated to confuse and mislead the jury, where the testimony related to the sale only and the jury returned a general verdict of guilty.

6. CRIMINAL LAW—ARGUMENTATIVE INSTRUCTIONS.—In a prosecution for selling and giving away liquor, an instruction that if the jury had reasonable doubt as to whether witness might not be mistaken as to defendant's identity, they should find that the corroborating evidence produced a degree of certainty so great as to remove reasonable doubt, *held* properly refused as argumentative and singling out particular witness and particular piece of evidence.

7. CRIMINAL LAW—CONVICTION ON CIRCUMSTANTIAL EVIDENCE.—A defendant may be convicted upon circumstantial evidence, but, to warrant conviction thereunder, circumstances must be not only consistent with defendant's guilt, but inconsistent with his innocence.

8. CRIMINAL LAW—EVIDENCE OF SALE OF LIQUOR.—Testimony of the witness that, several months before the alleged sale of intoxicating liquors, liquor was found on defendant's premises, *held* admissible as tending to prove that defendant was engaged in the business of selling liquor.

9.   CRIMINAL LAW—INVITED ERROR.—Where defendant's counsel on
     cross-examination elicited testimony relative to defendant's pay-
     ment of a fine in justice court, refusal of court to withdraw such
     testimony from jury's consideration was not error, though the
     testimony elicited might have been otherwise inadmissible.

Appeal from Little River Circuit Court; *B. E. Isbell,*
Judge; reversed.

*Dulaney & Steel* and *Shaver, Shaver & Williams,* for
appellant.

*H. W. Applegate,* Attorney General, and *Darden
Moose,* Assistant, for appellee.

WOOD, J.   Tom Withem was indicted by the grand
jury of Little River County.   Omitting formal parts, the
indictment charged that "the said Tom Withem, in the
county and State aforesaid, on the 15th day of October,
A. D. 1926, unlawfully and feloniously did sell and was
unlawfully and feloniously interested in the sale and giv-
ing away of ardent, vinous, malt, spirituous, alcoholic
and fermented liquors," etc.   Indorsed on the back of
the indictment was the following:

"No. 482—State of Arkansas v. Tom Withem, J. R.
Wood.   A true bill.   ......................................................Foreman.
Indictment for selling liquor.   Filed in open court in
the presence of all the grand jurors this 15th day of
July, 1927.   Natalie S. Williams, Clerk.   By...................D. C.
Witnesses:   Homer Darby."

It is not contended here that the verdict was con-
trary to the evidence.   Therefore it is unnecessary to set
out the testimony.   The defendant moved to quash the
indictment on the ground that no true bill had been pre-
sented, inasmuch as the indictment was not indorsed a
true bill and signed by the foreman of the grand jury.

The court, on its own motion, gave instructions num-
bered from one to six.   Instruction No. 1 is as follows:

"It shall be unlawful for any person, firm or cor-
poration to sell or give away, or be interested, directly
or indirectly, in the sale or giving away of any alcoholic,
vinous, malt, spirituous or fermented liquors, or any
compound or preparation thereof commonly called tonics,
bitters or medicated liquors."

In the second instruction the court told the jury in substance that, if they believed from the evidence beyond a reasonable doubt that the defendant sold or gave away or was interested, directly or indirectly, in the sale or giving away of the liquors mentioned in the first instruction, they should find him guilty and fix his punishment at imprisonment in the State Penitentiary for a period of one year at hard labor.

The third instruction is as follows: "The jury are instructed that the indictment is not evidence of defendant's guilt; that the defendant is presumed innocent and not guilty as charged in the indictment, and that this presumption follows him throughout the trial until the jury are constrained to find him guilty from the evidence in the case, beyond a reasonable doubt; that the burden is upon the State to prove the defendant guilty beyond a reasonable doubt."

The fourth instruction defines reasonable doubt.

The fifth instruction was on the credibility of witnesses.

The sixth instruction is as follows:

"You are instructed that it is as competent to convict upon circumstantial evidence as upon positive testimony. Positive testimony is that of eye-witnesses, witnesses who testify as to the transaction that shows the guilt or innocence of the defendant. Circumstantial evidence is evidence of circumstances by which guilt or innocence is proved or disproved. In so far as the evidence is circumstantial in this case, to convict the defendant it is necessary that the circumstances not only point to and be consistent with the guilt of the defendant, but should also be inconsistent with his innocence."

The defendant presented seven prayers for instructions, all of which were refused by the court. The substance of the first prayer was that the burden of proof was on the State to prove the defendant guilty, and, unless the State had shown from the evidence, beyond a reasonable doubt, that the defendant did feloniously sell or give away, or was directly or indirectly interested in the selling or giving away of intoxicating liquors, they should find him not guilty.

The second prayer for instruction told the jury, in substance, that, if they had a reasonable doubt as to whether witness Darby might not be mistaken as to the identity of the defendant, then, before the jury would be authorized to convict, they should find the corroborating circumstantial or other evidence tending to establish his identity must be such as, with the other testimony, produced a degree of certainty in the minds of the jury so great that they had no reasonable doubt as to the identity of the defendant.

The third prayer for instruction, in substance, told the jury that the indictment was not a mere formal charge or accusation against the defendant, and is of itself no evidence of the defendant's guilt, and that no juror should permit himself to be influenced to any extent because of the indictment.

Prayer for instruction No. 4 told the jury that the defendant was entitled to the presumption of innocence, which attended him throughout the trial as evidence in his favor, and entitled him to an acquittal, unless the State produced evidence which convinced the jury beyond a reasonable doubt of the defendant's guilt.

Prayer for instruction No. 5 told the jury that the burden was on the State to prove the defendant's guilt beyond a reasonable doubt.

Prayer for instruction No. 6 was as follows:

"The court instructs the jury that the facts relied on by the State to show the defendant's guilt must not only be consistent with and point to his guilt, but must be inconsistent with his innocence; and if all the facts and circumstances of evidence, viewed together, are susceptible of two reasonable interpretations, one of innocence, and the other of guilt, the interpretation of innocence must be adopted in the defendant's behalf, and you should acquit him."

Prayer for instruction No. 7 is as follows:

"You are instructed that you will not consider the testimony with reference to the time he entered his plea of guilty in the justice court and the facts concerning that transaction."

The jury returned a verdict finding the defendant guilty, and fixed his punishment at imprisonment in the State Penitentiary for a period of one year. Judgment was rendered in accordance with the verdict, from which is this appeal.

1.   Section 3008 of C. & M. Digest provides: "The concurrence of twelve grand jurors is required to find an indictment." Section 3009 provides: "When so found, it must be indorsed a true bill, and the indorsement signed by the foreman." The record shows that J. R. Wood was selected foreman of the grand jury that returned the indictment against the appellant. It is true his name appears above the words, "A true bill" instead of below, but that is wholly immaterial. His indorsement gives sanction to the indictment as being a true bill and is a compliance with the statute. The trial court therefore ruled correctly in overruling appellant's motion to quash the indictment.

In the cases of *State* v. *Agnew,* 52 Ark. 275, 12 S. W. 563, and *McFall* v. *State,* 73 Ark. 327, 84 S. W. 479, we decided that the above provision of the statute was directory. In the case of *Taylor* v. *State,* 169 Ark. 589, 276 S. W. 577, the indictment was not signed by the foreman of the grand jury, but was indorsed by him, and in that case we said: "The record reflects that the indictment was indorsed by the foreman of the grand jury. This meets the requirement of the statute." It will be observed that in none of these cases is it held that a failure to comply with the directory provision of the statute would be ground for quashing an indictment, neither are we called upon to decide, and we do not decide, that question in this case, for the reason, as already stated, that the indorsement as found on the indictment is a sufficient compliance with the statute, even if the same were a mandatory provision.

2.   Appellant, in his exceptions to instruction No. 1 given by the court on its own motion, states: "The defendant objects generally to action of the court of its own motion reading the statute defining the crime charged in the indictment, generally, and specifically for

the reason that the statute defines several separate offenses. It covers the sale directly or indirectly not only of whiskey, but various and sundry other. items, and also charges the jury as to giving away of liquors, all of which is confusing and misleading to the jury and releases it in the realm of speculation as to other crimes and other offenses described by the statute, when there is no testimony in the case concerning any violation of the statute except a direct sale; and it further authorizes the jury to find him guilty for giving away liquors.''

The appellant's fourth ground of his motion for a new trial assigns as error that the court erred in reading to the jury, over the objection of defendant, § 6160 of C. & M. Digest. But the bill of exceptions does not show anywhere that the court read § 6160 to the jury. True, the first instruction given by the court defines the offense of which the appellant is charged in the language of a part of that section. Instruction No. 1 followed the language of the statute as it pertains to the sale or giving away or being interested in the sale or giving away of liquors mentioned in the statute, and it is not error for the court to instruct the jury defining the offense charged in the language of the statute. After so defining the offense, the court submitted the issue to the jury as to whether the defendant was guilty of the crimes charged. It should be stated in this connection that the appellant did not move to require the State to elect to try the defendant on the charge of selling liquor only. But all the testimony in the case shows that the State did in effect elect to pursue the appellant only for the offense of selling liquor by directing its proof solely to that offense. See *Rhinehart* v. *State,* 160 Ark. 129, 254 S. W. 351; *Gramlich* v. *State,* 135 Ark. 243, 204 S. W. 848; *Chronister* v. *State,* 140 Ark. 40, 215 S. W. 634.

Instructions Nos. 1 and 2 were germane to the offense of selling liquor as charged in the indictment, but they also covered the offense of giving away and being interested in the giving away of liquors as charged in the indictment. The appellant objected generally and specifically to these instructions on the ground that ''they

defined several separate offenses, when there is no testimony in the case concerning any violation of the statute except a direct sale, and it further authorizes the jury to find defendant guilty of giving away liquors." Upon these specific objections the court erred in not eliminating the language as to other offenses from the instruction, and should have submitted to the jury solely the offense of selling the intoxicating liquors named. The State, as we have said, in effect had elected to prosecute the appellant for the sale of intoxicating liquors only, and the specific objections of the appellant were tantamount to a request of the court to have that issue only submitted to the jury. One of the witnesses testified that the appellant came by his house and left with him a gallon of liquor; that he didn't pay appellant anything for it, because appellant didn't ask him for the money. He had agreed to pay appellant six dollars for it about a year ago. Appellant brought the whiskey down to witness' house and just gave it to him.

The instructions as to the giving away and being interested in the giving away of the inhibited liquors were abstract, and calculated to confuse and mislead the jury. The doctrine that it is erroneous to give abstract instructions calculated to confuse and mislead the jury is too well established by numerous decisions of this court to cite cases. But see *St. Louis, I. M. & So. Ry. Co.* v. *Denty*, 63 Ark. 177, 37 S. W. 719; *Frank* v. *Dungan*, 76 Ark. 599, 90 S. W. 17; *Emerson* v. *Turner*, 95 Ark. 597, 130 S. W. 538; *St. L. S. F. Ry. Co.* v. *Vernon*, 162 Ark. 226, 258 S. W. 126; *Wis. Ark. Lumber Co.* v. *McCloud*, 168 Ark. 352, 270 S. W. 599. An error in giving an abstract instruction will not cause a reversal of the judgment where, notwithstanding the instruction, a special finding of the jury shows that it was eliminated from their consideration. *St. L. I. M. & S. Ry. Co.* v. *Baker*, 67 Ark. 531, 55 S. W. 941. But here the verdict of the jury was general in form, finding the defendant "guilty as charged in the indictment."

Inasmuch as the cause must be reversed for the error indicated, it is unnecessary and would unduly

extend this opinion to discuss the other instructions to which objection is made by counsel for the appellant. We have examined the other instructions given by the court on its own motion and the prayers of the appellant for instructions. We find no error in the other instructions given by the court on its own motion, nor in the ruling of the court in refusing the prayers of the appellant for instructions. Appellant's prayers for instructions numbered 3, 4 and 5, relating to presumption of innocence, and burden of proof, and reasonable doubt, were sufficiently covered by instruction No. 3 given by the court on its own motion. Appellant's prayer for instruction No. 1 is sufficiently covered by instruction No. 4 given by the court. Appellant's prayer for instruction No. 2 is argumentative; it singled out a particular witness and drew attention to a particular piece of evidence. Prayers for instructions Nos. 6 and 7 by the appellant were also argumentative, and the court did not err in refusing them. Instruction No. 6 given by the court on its own motion on the subject of circumstantial evidence was a correct declaration of law.

The court did not err in refusing to grant appellant's prayer for instruction No. 7. It will be observed that this instruction told the jury that they would not consider the testimony with reference to the time that appellant entered his plea of guilty in the justice court and the facts concerning same. Roy Sellman testified that he, in company with another officer, searched appellant's premises in the early fall of 1926 and found a thirty-gallon keg in his seed-house with some liquor in it. Counsel for appellant was then granted permission by the court to ask the witness the following:

"Q. Mr. Sellman, what you have related Mr. Withem has paid a fine for that in the Foreman justice court? A. He did. Q. That is a matter of record, is it? A. I suppose it is."

The appellant objected to the testimony of Sellman, and asked that the same be excluded for the reason that the "matter is of record, and he cannot go into details." Appellant was charged with the crime of selling intoxi-

cating liquors on or about the 15th day of October, 1926, and the testimony of Sellman tended to prove that, in the late summer or early fall of that year, the liquor mentioned was found on appellant's premises. The testimony was relevant as a circumstance tending to prove that appellant was engaged in the business of selling intoxicating liquors. *Herrin* v. *State*, 169 Ark. 636, 276 S. W. 365; *Melton* v. *State*, 165 Ark. 448, 264 S. W. 965; *Noyes* v. *State*, 161 Ark. 340, 256 S. W. 63. The testimony of Sellman that appellant had paid a fine in the justice court for possessing liquor was elicited by appellant's counsel, and therefore this was invited error of which appellant is in no attitude to complain. *Smith* v. *State*, 153 Ark. 645, 241 S. W. 37; *Tarkington* v. *State*, 154 Ark. 365, 242 S. W. 830. There was no error in the ruling of the court in admitting the testimony of Sellman, nor in refusing to grant appellant's prayer for instruction No. 7.

For the error in giving instructions Nos. 1 and 2, over the special objection of appellant, and in submitting to the jury the issues as to whether or not appellant gave away, or was interested, directly or indirectly, in giving away, the contraband liquors mentioned in these instructions, the judgment is reversed, and the cause is remanded for a new trial.