## TROUT *v.* STATE.

Opinion delivered September 24, 1928.

*W. L. Parker* and *Duke Frederick,* for appellant.

*H. W. Applegate,* Attorney General, and *Walter L. Pope,* Assistant, for appellee.

HART, C. J. The principal ground relied upon by appellant for a reversal of the judgment is that the court erred in not sustaining a demurrer to the indictment. The indictment charges that the defendant "unlawfully and feloniously did make and manufacture, and was unlawfully and feloniously interested, directly or indirectly, in the making and manufacturing of ardent, vinous, malt, spirituous, alcoholic or fermented liquors, against the peace and dignity of the State of Arkansas." The court overruled the demurrer of appellant to the indictment.

The textwriters lay down the general rule that an indictment must not charge the accused disjunctively, so as to leave it uncertain what is relied on as the accusation against him. Hence it has been held that an indictment alleging the sale of ''spirituous or intoxicating liquor'' without license is bad for uncertainty, and insufficient to sustain a judgment. The general rule is that, where a statute makes it a crime to do any one of several things mentioned disjunctively, all of which are punished alike, the whole may be charged conjunctively as a single offense. Disjunctive allegations render a judgment of conviction invalid. The reason is that the accused is entitled to know certainly with what offense he is charged and to have the offense so charged that, upon acquittal or conviction, he may plead the same in bar of a subsequent prosecution for the same offense and establish his plea by the production of the former record. *Clifford* v. *State,* 29 Wis. 327; *Commonwealth* v. *Grey,* 2 Gray (Mass.) 501, 61 Am. Dec. 476; Joyce on Intoxicating Liquors, par. 646; Woollen and Thornton on Laws on Intoxicating Liquors, vol. 2, § 852; and 31 C. J. p. 663.

This court has recognized and approved the general rule. In *Thompson* v. *State,* 37 Ark. 408, the court held that an indictment charging that the ''defendant did sell or give away whiskey under an act making it an offense to sell or give away whiskey,'' is bad for uncertainty; but that the charge that he ''did sell and give away whiskey,'' is good. It also held that the charge that the defendant ''sold whiskey or brandy'' was bad, but that a charge that he ''sold whiskey and brandy'' was good.

Therefore the court erred in refusing to sustain the demurrer to the indictment. The Attorney General correctly confessed error on this branch of the case.

It is also earnestly insisted by counsel for the appellant that the evidence is not legally sufficient to support the verdict. In this connection we do not agree with counsel. A witness for the State testified that in

February, 1928, he saw appellant making intoxicating liquor at a still about three-fourths of a mile east of where he lived, in Polk County, Arkansas. It is true that the defendant denied owning or operating a still, and also introduced witnesses who testified that his own reputation was good, and that the reputation of the prosecuting witness for truth and morality was bad. The jury, however, was the judge of the credibility of the witnesses, and, under our settled rules of practice, we are not at liberty to set aside the verdict of a jury founded on evidence of a substantive character.

For the reason above given the judgment will be reversed, and the cause will be remanded with directions to sustain the demurrer to the indictment, and for further proceedings according to law.

KIRBY, J., dissents.