# SUPREME · COURT

OF THE

## STATE OF ARKANSAS,

AT THE

## NOVEMBER TERM, 1887.

---

### DAVIS v. STATE.

1. INDICTMENT: *Sale of liquors: Offense charged as committed in different ways:.*
   An indictment under *Mansf. Dig. sec.* 4511, which alleges that the defendant " unlaw-- fully did *sell* and was unlawfully interested in the sale of one pint of alcoholic, ardent, and vinous liquors, and intoxicating spirits, without having first procured a license," etc., is sufficient, and charges but one offense. *Thompson v. State*, 37 *Ark.*, 408.

2. LIQUORS: *Unlawful sale of: Instructions.*
   On the trial of an indictment under *sec.* 4511 *Mansf. Dig.*, for the unlawful sale of intox- icating liquors, where the State proved that the defendant had sold a bottle of " Mc- Lean's Strengthening Cordial," which the evidence tended to show was an intoxicating. compound, containing a certain per cent of alcohol, or ardent spirits and there was. no proof that he was a licensed dealer, it was not error to instruct the jury· that if they found that such cordial was " a compound, or composed in part, of· alcohol, and is an intoxicating liquor, and *was used or could be used* as a beverage," they would be authorized to convict the defendant. Nor was it error in such case to instruct· the jury, that if they found " that the article sold was not used, or *could not be used*, as· a beverage," they would be authorized to acquit the defendant. *Gostorf v. State*, 39ᵈ *Ark.*, 456, 460.

   [See statement of the case for other instructions given by the Court.—Rep.]

2

APPEAL from *Newton* Circuit Court.
R. H. POWELL, Judge.

### STATEMENT.

The defendant was indicted for selling intoxicating liquors without a license. The indictment charged that on the eighth day of February, 1887, he " unlawfully did sell and was unlawfully interested in the sale of, one pint of alcoholic, ardent and vinous liquors and intoxicating spirits, without having first procured," etc. He filed a motion to require the State to elect for which offense she would prosecute, alleging that the indictment charged him with the offense of selling alcoholic liquors, of selling ardent liquors, of selling vinous liquors, of selling intoxicating spirits, and of being interested in the sale of these. His motion was overruled, and he then demurred to the indictment on the following grounds: (1) Because there is a misjoinder of offenses charged; and (2) because the indictment does not state facts sufficient to constitute a public offense. The court overruled the demurrer, and the case was tried by a jury. On the trial the State proved that the defendant had sold a bottle of " McLean's Strengthening Cordial," which the evidence tended to show was an intoxicating compound, containing a certain per cent. of alcohol or ardent spirits. There was no proof that he was a licensed dealer. The court gave to the jury, over the defendant's objection, the following instructions: " If the jury believe beyond a reasonable doubt, from the evidence, that " McLean's Strengthening Cordial " is a compound, or composed in part, of alcohol, and is an intoxicating liquor, and *was used* or *could be used* as a beverage, the sale of it would be within the inhibition of the statute, and you would be authorized to convict the defendant."

Davis v. State.

" If the jury believe from the evidence that the article sold by the defendant was not used and *could not be used* as a beverage, you would be authorized to acquit the defendant." The court also gave to the jury *sec.* 4507 *Mansf. Dig.*, which prohibits the sale without license, of tonics, bitters, or medicated liquors, etc., and charged that the sale of alcoholic, ardent, or vinous, or intoxicating spirits, without first having procured a license, was a violation of the law ; but " that it was not the intention of the law to prohibit the sale of medicines because they contained a proportion of alcohol ; " and that therefore the fact " that the article sold by the defendant contained alcohol, is not of itself evidence that the sale of such article without license was unlawful."

The defendant was convicted, and filed his motions in arrest of judgment and for a new trial. These motions having been overruled, he took a bill of exceptions and appealed.

*J. F. Wilson*, for appellant.

1. The indictment charged more than one offense. *Mansf. Dig. secs.* 2105.; 2108–9, &c.

2. The court should have required the State to elect which charge it would proceed upon. 38 *Ark.*, 555.

*D. W. Jones, Attorney General*, for appellee.

1. The indictment follows substantially the language of the statute. *Mansf. Dig., sec.* 4511 ; 39 *Ark.*, 216 ; 35 *Id.*, 514.

2. As to instructions, *see* 39 *Ark.*, 456.

3. The fact that appellant thought he was selling on the prescription of a physician, cannot relieve him. 36 *Ark.*, 36 ; 39 *Id.*, 209 ; 43 *Id.*, 361.

4. Nor was ignorance any justification. 36 *Ark.*, 258 ; 37 *Id.*, 219.

Berger v. State.

OPINION.

COCKRILL, C. J.    The rulings of the circuit court on the objections to the indictment come within the principle of the case of *Thompson v. State*, 37 *Ark.*, 408.    That part of the charge to the jury complained of is without objection and was approved in *Gostorf v. State*, 39 *Ark.*, 456, 460.

Affirmed.