## COX v. STATE.

## Opinion delivered June 27, 1921.

1. INDICTMENT AND INFORMATION—CHARGING SEVERAL ACTS AS ONE OFFENSE.—Where the statute makes indictable two or more distinct acts connected with the same transaction, each of which may be considered as representing a phase of the same transaction, they may be charged conjunctively in a single count, as constituting but a single offense.

2. INTOXICATING LIQUORS—INDICTMENT.—Under Crawford & Moses' Digest, § 660, the manufacturing and the being interested in the manufacture of intoxicating liquors constitute different phases of the same transaction, and may be charged conjunctively in the same indictment.

3. INTOXICATING LIQUORS—AIDING AND ASSISTING IN MANUFACTURE. —On a trial for manufacturing or being interested in the manufacture of intoxicating liquors, an instruction that accused was guilty if he was assisting in the manufacture of such liquors, or if he was not assisting in the manufacture, but was present and ready and consenting to aid and abet the manufacture, was proper, under Crawford & Moses' Digest, § 2311, as the offense charged is a felony under § 6160, *Id.*

4. CRIMINAL LAW—ARGUMENT OF PROSECUTING ATTORNEY.—Argument of the prosecuting attorney that it was inferable from defendant's failure to impeach a State's witness that defendant was unable to impeach him was not prejudicial error, as the inference might be drawn, although an extravagant one.

Appeal from Pike Circuit Court; *James S. Steel,* Judge; affirmed.

*W. T. Kidd,* for appellant.

1. The indictment charges more than one offense, and it was error to refuse the motion to require the State to elect. 84 Ark. 136; 201 S. W. 845; 135 Ark. 245; 37 *Id.* 408. An indictment must charge but one offense. C. & M. Digest, § 3016; 118 Ark. 35. The State should have been required to elect which charge she will proceed under to prosecute. 33 Ark. 180; 32 *Id.* 203; 36 *Id.* 55; 58 *Id.* ......... (*Ry. Co.* v. *State*).

The indictment was defective under section 3028, C. & M. Digest; 5 Words and Phrases, p. 4344.

2. Instruction No. 1 for the State was error, as it submitted two issues, one of making and manufacturing liquor, and another of being interested in the making and manufacturing of liquor. 112 S. W. 956.

3. Instruction No. 2 for the State was unfair and prejudicial, as there was no evidence to sustain it. It is argumentative. Defendant was indicted as a principal, and not as an aider and abettor, and could not be convicted as a principal. 37 Ark. 274; 96 *Id.* 62; 22 Cyc. 455; 41 Ark. 173; 55 *Id.* 593.

4. There is no testimony showing defendant's guilt; that he was ever at the still, or even had knowledge that a still was in the vicinity, and he could not be indicted as a principal, and it was error to give the instruction asked by the State. 37 Ark. 274; 109 *Id.* 389; *Ib.* 498.

5. There were errors in the other instructions given for the State.

6. The prosecuting attorney's argument was improper, and was prejudicial. 101 Ark. 147.

7. There is no evidence to sustain the verdict. Giving the evidence its strongest probative force, it is not sufficient.

*J. S. Utley,* Attorney General,, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

1. The indictment charges only one offense. 135 Ark. 245. The proper motion to require the State to elect was not made. 37 Ark. 408; 84 *Id.* 136; 201 S. W. 845; 37 Ark. 410.

2. There was no error in the instructions given for the State. They state the law. All persons aiding or abetting the crime are guilty as principals. C. & M. Digest, § 2311; 104 Ark. 245.

3. There is no error in the other instructions given for the State.

4. The verdict is sustained by the evidence. All the facts and circumstances show that appellant was at least guilty of being interested in the manufacture of intoxicating liquor. C. & M. Dig., § 2311; 104 Ark. 245.

Hart, J.   Horace Cox prosecutes this appeal to reverse a judgment and sentence of conviction against him for a violation of our liquor laws.

The indictment charges that Horace Cox on the 15th day of January, 1921, "did unlawfully and feloniously make and manufacture, and was unlawfully and feloniously interested in the making and manufacture of ardent, vinous, malt, spirituous, intoxicating and alcoholic liquors," etc.

The defendant filed a motion to require the State to elect upon which count it would proceed, and assigned as error the refusal of the court to require the State to make such election.

Counsel for the defendant relies upon the case of *Gramlich* v. *State*, 135 Ark. 243.   That case is not authority for the defendant, because the court reserved a ruling on the point now under consideration.

Again counsel rely upon the case of *Chronister* v. *State*, 140 Ark. 39.   In that case the court held that the manufacture of wine is a separate and distinct offense from the sale thereof.   It is true that the prohibition against manufacturing, selling and giving away intoxicating liquors, or being interested in the manufacture, sale or giving away thereof, is contained in the same section of the statute.   Crawford & Moses' Digest, § 6160. But it does not follow that the holding in the Chronister case just cited controls here.   It is manifest that the manufacture of intoxicating liquors is a separate and distinct offense from the sale thereof, and they do not necessarily constitute parts of the same transaction.   For instance, it would be unlawful to manufacture intoxicating liquors, regardless of the fact of whether the maker intended to sell them, or to use the liquors himself. Again a person might be guilty of selling intoxicating liquors and have nothing to do with the manufacture thereof.   On the other hand, while the offense of manufacturing intoxicating liquors consists of a series of acts, and the same person might be guilty of being interested in the manufacture thereof and yet not be guilty of man-

ufacturing them, the different acts, where they are all parts of the same transaction, may be charged conjunctively in the same indictment. Where the statute makes indictable two or more distinct acts connected with the same transaction, each of which may be considered as representing a phase of the same transaction, they may be charged conjunctively in a single count as constituting but a single offense. *Davis* v. *State*, 50 Ark. 17. In that case the court held that an indictment under our statute which alleges that the defendant "unlawfully did sell and was unlawfully interested in the sale of one pint of alcoholic, ardent, and vinous liquors and intoxicating spirits, without having first procured a license," is sufficient and charges but one offense. The rule applies here, and we hold that an indictment alleging the unlawful making and being interested in the manufacture of intoxicating liquors charges but one offense.

It is earnestly insisted that the evidence is not legally sufficient to support the verdict.

The defendant was a witness for himself. He denied having manufactured any intoxicating liquors, or being interested in the manufacture thereof. His testimony was corroborated by that of other witnesses. The legal sufficiency of the evidence to support the verdict must be tested by the evidence for the State.

According to the evidence for the State, the sheriff found a still about 250 yards from the house of the defendant. There were barrels there, but the still did not appear to have been operated recently. There had been a fire under it, and other evidences that it had once been operated. The sheriff watched this still at intervals for a week, and it was moved during his absence. The sheriff then found another still about a quarter of a mile from the defendant's residence. After the defendant had been arrested, he admitted to the sheriff that he had hauled the still away, but denied having operated it.

A coca-cola dealer testified that the defendant had bought a coca-cola barrel from him along about this time,

One of the barrels found at the still was a coca-cola barrel.

Another witness testified that he rode out of town with defendant along about this time, and that he had four sacks of sugar and some shorts. When they got a few miles out of town, the defenadnt got out of his wagon and went out to the side of the road and brought in some whiskey in a fruit jar which he had hidden there.

Another witness testified that he had seen the defendant with some whiskey about this time. It was also shown that the sugar and shorts were ingredients used in the manufacture of whiskey.

Still another witness testified that on one occasion he started in the direction of where the still was found, and the defendant warned him away.

This evidence was legally sufficient to establish the guilt of the defendant. It shows that there was a still near his residence which he admits that he hauled away. He had in his possession a large amount of sugar and some shorts, and these ingredients were generally used in the manufacture of whiskey. It was fairly inferable that the still was operated and the ingredients purchased for the purpose of making whiskey. The defendant on one occasion warned persons from approaching the place where the still was located. After the sheriff commenced watching the still, he hauled it away during the absence of the sheriff. This at least tended to prove that the defendant did not wish the location of the still to be discovered, or the sheriff to find any one working at it. This testimony also tended to make him an interested party if the evidence showed that whiskey was manufactured. The fact that whiskey was found in his possession on two occasions about this time tends to show that whiskey was manufactured by some one, and the series of acts were so connected in point of time as to make it fairly inferable that whiskey was manufactured by some one in that locality at about that time, and that the defendant at least was interested in the transaction.

At the request of the State, the court instructed the jury that it might find the defendant guilty if he was at the still at the time the intoxicating liquor was being manufactured and was assisting in its manufacture, or, if he was not assisting, that he was present and ready and consenting to aid and abet in the manufacture of the liquor.

There was no error in giving this instruction. The manufacure, or being interested in the manufacture, of intoxicating liquors is now a felony in this State. Crawford & Moses' Digest, § 6160. All persons being present aiding and abetting, or ready and consenting to aid and abet, in any felony shall be deemed principal offenders and indicted and punished as such. Crawford & Moses' Digest, § 2311.

But it is insisted that the evidence does not show that the defendant was present when the liquor was made. The still was situated near his house. On one occasion he warned away some persons who were about to approach it. He bought sugar and shorts in sufficient quantities to be used in making liquor. He admitted that he found the tracks of the sheriff leading to the still on one occasion. The sheriff was watching the still to see if any one made liquor there. The defendant after his arrest admitted that he hauled the still away. Liquor was found in his possession about that time. As above stated, all these acts connected together make it legally inferable that some one made liquor in that locality, and that the defendant was present aiding and abetting the act.

Objection is also made by the defendant to the court's modifying certain instructions asked by him. We do not deem it necessary to set out the instructions. In the form asked by the defendant, they were argumentative, and the court properly modified them so as to eliminate this feature.

Error calling for a reversal of the judgment is also assigned to certain remarks made by the prosecuting attorney in his argument to the jury. The remarks excepted to are as follows: "As stated to you in the open-

ing statement of this case, I understand the defendant would undertake to impeach the witness, Welch Kelley, and you gentlemen noticed the host of witnesses that were sworn in this case, and realizing the diligence with which the attorneys for the defendant have presented his defense, it is only fair for me to argue and for you to infer that, if there was any witness in that territory who would testify that this witness was not worthy of belief, they would have produced him, and, since they have not done so, it is then fair for me to argue and you to infer that they could not do so.''

We do not think the remarks were prejudicial. The evidence shows that several witnesses were introduced in behalf of the defendant. The prosecuting attorney did not argue that the only inference that could be drawn from this fact was that if the defendant could have impeached the testimony of one of the State's witnesses he would have done so. He only stated that it was fair to argue that the defendant could not do so because he had not done so. This was an inference to be drawn, extravagant though it might be. It is one thing to say that a legal inference may be drawn from a certain state of facts, and quite a different thing to say that such inference must necessarily be drawn from the given state of facts. The jury must be accredited with common sense, and it is not to be supposed that they were swept off of their feet by the extravagant inference sought to be drawn by the prosecuting attorney.

We find no prejudicial errors in the record, and the judgment will be affirmed.