HOLMES *v.* STATE.

Opinion delivered September 24, 1923.

1. INDICTMENT AND INFORMATION—TERM OF COURT.—Though accused had been bound over by a magistrate on a felony charge to a subsequent term of court, this did not prevent the grand jury, at a prior term, from indicting him, as Crawford & Moses' Dig., § 2941, providing that the commitment of any defendant shall show the day of the term on which he must appear, simply means that he must appear at that time, unless sooner indicted and required to appear by a higher tribunal.

2. INDICTMENT AND INFORMATION—DISQUALIFICATION OF GRAND JUROR.—Under Crawford & Moses' Dig., § 3030, no indictment can be quashed because a grand juror failed to possess the qualifications required by law.

3. INDICTMENT AND INFORMATION—JOINDER OF OFFENSES—ELECTION. —An indictment is not demurrable for misjoinder of offenses where, in response to a motion to elect, the State elected which offense should be tried.

4. INTOXICATING LIQUORS—MANUFACTURE—INSTRUCTION.—Where an indictment charged defendant with the manufacture of intoxicating liquors, it was not error to instruct that defendant would be guilty if he manufactured or was interested in the manufacture of such liquors.

5. CRIMINAL LAW—REASONABLE DOUBT—INSTRUCTION.—Where, in a prosecution for manufacturing intoxicating liquors, the court charged that by a reasonable doubt was not meant a mere "positive" or imaginary doubt, a reversal was not required; it being apparent that the word "possible" was intended.

6. INTOXICATING LIQUORS—INSTRUCTION AS TO INTOXICATING NATURE. —In a prosecution for manufacturing intoxicating liquor, an instruction that defendant would be guilty if he manufactured liquor that contained such a percentage of alcohol as to be intoxicating, was supported by evidence tending to show that the liquor contained 4½ per cent. of alcohol.

7. CRIMINAL LAW—REPETITION OF INSTRUCTIONS.—It is not error to refuse requested instructions where their substance is covered by instructions given.

8. CRIMINAL LAW—ERROR NOT PRESERVED IN TRIAL COURT.—On appeal from a conviction for manufacturing intoxicating liquors, no reversal will be ordered on the ground that evidence was secured against defendant by an illegal search of his premises, where objection on that ground was not made in the trial court.

9. INTOXICATING LIQUORS—EVIDENCE OF MANUFACTURE.—Evidence *held* to support a conviction for manufacturing intoxicating liquor.

Appeal from Garland Circuit Court; *Earl Witt,* Judge; affirmed.

*O. H. Sumpter, Randolph & Cobb* and *C. T. Cotham,* for appellant.

*J. S. Utley,* Attorney General, *John L. Carter, Wm. T. Hammock* and *Darden Moose,* Assistants, for appellee.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the Garland Circuit Court of the crime of manufacturing intoxicating liquors, and, as a punishment therefor, was adjudged to serve a term of one year in the State Penitentiary. From the judgment of conviction he has duly prosecuted an appeal to this court.

Appellant's first contention for a reversal of the judgment is that the grand jury in session on January 22, 1923, which indicted him, was without jurisdiction to return the indictment because he had been bound over upon the same charge by a magistrate, and had given bond to await the action of the Garland County Circuit Court at the March, 1923, term thereof. It is provided by § 2892 of Crawford & Moses' Digest that "the grand jury has power, and it is their duty, to inquire into all public offenses committed in the jurisdiction of the court in which they are impaneled, and to indict such persons as they find guilty thereof." The mere fact that the defendant had been bound over to await the action of the grand jury at any particular term of the circuit court could not preclude said court then in session, or at any intervening session, from investigating the charge against him through its inquisitorial arm. It is true that § 2941 of Crawford & Moses' Digest provides that the "commitment of any defendant * * * as herein provided shall show the day of the term of court on which the defendant shall appear," but this simply means that he must appear then, if not sooner indicted and required to appear by a higher tribunal.

Appellant next contends for the invalidity of the indictment on the ground that C. H. Russell, a member of the grand jury that indicted him, was disqualified be-

cause he had filed an affidavit before the circuit judge for a search warrant charging him with the offense set out in the indictment, and had appeared as a witness before the magistrate who bound him over and the grand jury that indicted him. It is against the policy of the law in this State to avoid an indictment on account of the disqualification of those who sit on the grand jury. Sec. 3030, Crawford & Moses' Digest; *Tillman* v. *State,* 121 Ark. 322; *St. Clair* v. *State, ante,* p. 170.

Appellant next contends for a reversal of the judgment upon the ground that two offenses were charged in the indictment. Except in certain instances the joinder of separate offenses in the indictment is forbidden in this State. *Chronister* v. *State,* 140 Ark. 40. In the instant case a motion to elect was filed, and the State did elect. The demurrer to the indictment upon the ground that there was a joinder of offenses was therefore properly overruled.

Appellant next contends for a reversal of the judgment because the State elected to stand upon the charge of manufacturing intoxicating liquors, and thereafter requested and obtained an instruction that he would be guilty if he manufactured or was interested, directly or indirectly, in the manufacture of intoxicating liquors. The indictment charged appellant with the manufacture and being interested, directly or indirectly, in the manufacture of intoxicating liquors. Under the statute they are different phases of the same transaction and may be charged conjunctively as one offense. Sec. 6160, Crawford & Moses' Digest; *Cox* v. *State,* 149 Ark. 387. The election of the State therefore to stand upon the manufacture of intoxicating liquors necessarily included being interested in the manufacture thereof, hence the instruction was not broader than the charge.

Appellant next contends for a reversal of the judgment because the word "positive" appears in the instruction defining a reasonable doubt. The clause in which the word appeared is as follows: "and by a reasonable

doubt it is not meant a mere positive or imaginary doubt." It is apparent that the word "possible" was intended, and that the use of the word "positive" was a clerical error. The word intended is so patent that no prejudicial error could have resulted on account of the inadvertent use of the wrong word. A specific objection should have been made by appellant to the use of the word "positive" in the instruction. Had such an objection been made the court would have readily corrected the error.

Appellant next contends for a reversal of the judgment upon the ground that instruction No. 6, given by the court, when read in connection with the other instructions, was calculated to confuse the jury. We think not. It was in the nature of a caution to the jury not to convict appellant upon circumstantial evidence if the circumstances relied upon by the State could be explained upon any reasonable theory consistent with his innocence. The instruction was favorable to appellant, and the substance thereof was approved by this court in *Lowery* v. *State,* 135 Ark. 163.

Appellant next contends for a reversal of the judgment upon the ground that the court erred in giving instruction No. 7. The instruction is as follows: "As to the alcoholic liquor which the defendant is charged with manufacturing, if you believe that he manufactured liquor there that contained such a percentage of alcohol as to be intoxicating when drank, then he would be guilty of manufacturing intoxicating liquor, under the indictment." The insistence is made that there was no evidence tending to show that the home brew was intoxicating. In this appellant is mistaken. The evidence tended to show that the home brew contained four and one-half per cent. of alcohol.

Appellant next contends for a reversal of the judgment because the court refused to give the three instructions requested by him. We have carefully read these instructions and find that they were covered, in substance, by the instructions given by the court.

Appellant next contends for a reversal of the judgment because he alleges an illegal search was made of his premises and that the home brew, whiskey, paraphernalia, bottles and other "stuff" found were introduced in evidence to convict him. We do not understand that he objected to the introduction of the evidence obtained in the search upon the ground that it was illegally procured, and that he saved and preserved his objection to the introduction thereof in his motion for a new trial. In other words, it seems to us that an assignment of error is insisted upon for a reversal which was not made and preserved in the trial court.

Lastly, appellant contends for a reversal of the judgment upon the ground that there is no substantial evidence to show that appellant manufactured intoxicating liquors. Appellant's premises were searched by officers, and in a part of it theretofore occupied by a tenant, who had vacated same, they found 125 gallons of home brew, some wine and whiskey, about 8 cases of malt syrup, some hops, hop extracts, and several large crocks, and a bottle-capper.

James Floyd, a deputy sheriff who assisted in the search, testified in part as follows:

"A. I asked, 'How do you realize any money out of it; do you give chicken dinners or something like that, and charge?' He said, 'No, I make it for my own use.' Q. Was nothing else said, Jim? A. Well, when he first came in there he said, 'If any law has been violated,' he said, 'this stuff is mine; I am the guilty party'."

Bill Ozent, another deputy sheriff who assisted in the search, testified in part that appellant said, "If there has been any law violated, I have violated the law."

O. B. Knapp, Federal prohibition agent, testified that he asked appellant who made the stuff, and he said he did not; that he then asked him if his wife made it, and he replied, "Whatever is made, I am responsible for it." Knapp also testified that he took four bottles of the home brew to a government chemist for analysis, and the

chemist's analysis showed it contained four and one-half per cent. of alcohol. He was corroborated in this statement by the chemist.

Appellant denied making the statement attributed to him concerning the manufacture of the brew, and testified that he purchased the brew, whiskey, and other things found in the apartment, from his former tenant for $145 at the time his tenant vacated the premises.

The large amount of ingredients and the quantity of home brew found indicated that the brew was manufactured on the premises. Appellant's statements to the officers were inconsistent with his subsequent claim that he had purchased the liquors and ingredients from his former tenant. After carefully reading the testimony, we have concluded that there was evidence of a substantial nature from which the jury might have drawn a reasonable inference that appellant manufactured the home brew in question.

No error appearing, the judgment is affirmed.