## MILLER v. STATE.

### Opinion delivered October 22, 1923.

1. INTOXICATING LIQUORS—BEING INTERESTED IN SALE—EVIDENCE.—Evidence *held* sufficient to sustain a conviction of being interested in the sale of intoxicating liquors in violation of Crawford & Moses' Dig., § 6160.

2. CRIMINAL LAW—EVIDENCE OF OTHER OFFENSE.—While it is the general rule that, upon the trial of one offense evidence of another crime, although of the same nature, cannot be admitted to show the guilt of the accused, such evidence is admissible when necessary to prove *scienter*, or to establish identity, or to complete a chain of circumstantial evidence of guilt in respect to the crime charged.

3. CRIMINAL LAW—EVIDENCE OF OTHER OFFENSE.—Where, in a prosecution for being interested in the sale of whiskey, it was a question under the evidence whether defendant was interested as seller or was merely acting as purchasing agent for the buyer, it was admissible to show by the sheriff that, when he arrested

defendant, he found whiskey in the room and elsewhere on the premises.

4. CRIMINAL LAW—INSTRUCTION—SPECIFIC OBJECTION.—Where, with reference to evidence tending to establish an alibi, the court instructed the jury to "scrutinize the testimony of witnesses to see if any of them may not be mistaken as to the dates and times when they saw defendant," such language was not so inherently defective as to make it erroneous and prejudicial to the rights of defendant, in the absence of a specific objection.

5. INDICTMENT AND INFORMATION—CHARGING SEVERAL ACTS AS ONE OFFENSE.—Where a statute makes indictable two or more distinct acts connected with the same transaction, each of which may be considered as representing a phase of the same transaction, they may be charged conjunctively in a single count as constituting but a single offense.

6. INTOXICATING LIQUORS—INDICTMENT.—Under Crawford & Moses' Digest, § 6160, an indictment charging the selling of intoxicating liquors and being interested in their sale is sufficient, and charges but one offense.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum* Judge; affirmed.

*T. S. Osborne,* for appellant.

*J. S. Utley,* Attorney General; *Jno. L. Carter, W. T. Hammock,* and *Darden Moose,* Assistants, for appellee.

HART, J. John Miller prosecutes this appeal to reverse a judgment of conviction against him for being interested in the sale of intoxicating liquors.

Will Sandalin was the principal witness for the State. According to his testimony, during May, 1923, he was working as lineman for the Southwestern Bell Telephone Company in the city of Fort Smith, Ark. His foreman was named Hare, and drank whiskey. One evening about five o'clock in May, 1923, Hare told Sandalin to go to Ninth and G Streets in Fort Smith, Ark., and buy him a pint of whiskey from a man whom he would find there. When Sandalin got there, a man walked towards him and asked him if he wanted him. Sandalin asked the man if he had a pint of whiskey. The man replied that he did, and Sandalin told him to bring it to him between Fifth and Sixth streets on

North A Street in about thirty minutes. About thirty
minutes later, while Sandalin was standing in an alley
between Fifth and Sixth streets, the man and a woman
came up to him. The woman had a package in her hand,
and laid it down in Sandalin's car. He then laid down
the money for the whiskey, and she picked it up. He
gave her $3 for a pint of whiskey. The defendant
was with the woman, but did not say a word. Subse-
quently Sandalin identified the defendant, John Miller,
as the man in question, and Vivian Hubbard as the
woman with him. A few days after this transaction
took place the sheriff arrested the defendant in a room
on the premises controlled by Vivian Hubbard. He
found the defendant and two other men in a room
together. There was a small glass with a small amount
of whiskey in it in the room. In the second room from
that one the sheriff found the top of a fruit jar sat-
urated with whiskey, and just outside of a window of
the same room he found a half-gallon jar in a paper
sack with some whiskey in the jar. The ground near
by was saturated with corn whiskey, where the fruit
jar had been thrown out of the window.

The defendant denied selling the whiskey to the
prosecuting witness, and introduced other evidence tend-
ing to show that he was in the State of Oklahoma at
the time Sandalin testified that he bought the whiskey
from him.

We do not deem it necessary to set out this evidence
in detail. While counsel for the defendant insist that
the evidence in question shows conclusively that he was
in the State of Oklahoma on the date that Sandalin
testified that he bought the whiskey from him, yet
this contention does not take into consideration the
evidence of Sandalin. If the jury had believed the wit-
nesses for the defendant, it would have found him not
guilty. Having found him guilty, it is evident that the
jury believed the testimony of Sandalin and did not
believe that of the defendant and his witnesses. The
jury had the exclusive right to judge the credibility of

the witnesses, and the testimony of Sandalin, if believed by the jury, warranted it in finding the defendant guilty of being interested in the sale of intoxicating liquors, in violation of the statute. *Ellis* v. *State,* 133 Ark. 540; *Snead* v. *State,* 134 Ark. 303; and *Johnson* v. *State,* 152 Ark. 218.

It is next insisted by counsel for the defendant that the court erred in admitting the testimony of the sheriff to the effect that he found liquor in the room in which the defendant was arrested, and also in an adjoining room.

It will be noted that the defendant was arrested on the premises of Vivian Hubbard a few days after Sandalin testified that he bought the whiskey from the defendant and Vivian Hubbard. While Vivian Hubbard actually handed the whiskey to Sandalin and received the money for it, the defendant was with her at the time, and the sale was completed pursuant to an agreement had between Sandalin and the defendant thirty minutes before this. The evidence was competent as tending to show that the transaction between the defendant and Sandalin was a sale, and that Miller was interested as a seller and not as the mere purchasing agent of Sandalin. *Turner* v. *State,* 130 Ark. 48, and *Lowery* v. *State,* 135 Ark. 159.

While it is well settled that, upon the trial of one offense, evidence of another crime, although of the same nature, cannot be admitted to show the guilt of the accused, still there are certain well-recognized exceptions to the general rule, and such evidence is receivable when necessary to prove *scienter,* to establish identity, or to complete a chain of circumstantial evidence of guilt in respect to the crime charged. Hence we hold that this assignment of error is not well taken.

It is next contended that the court erred in giving instruction No. 5, which is as follows:

"The burden of showing an alibi is on the defendant; but if, on the whole case, the testimony raises a reasonable doubt that the defendant was present when the

crime, if any, was committed, he should be acquitted; but the jury should scrutinize the testimony of witnesses, to see if any of them may not be mistaken as to dates and times when they saw defendant; and it is proper for the jury to consider the lapse of time since the occurrence happened, and whether witnesses are likely or not likely, after such lapse of time, to be accurate as to the precise time or hour that they saw the defendant at the time the crime is alleged to have been committed. In other words, in arriving at your conclusion on this point, the jury should consider whether it may or may not be true that defendant was present at the time and place the crime is alleged to have been committed, and that some of the witnesses are honestly mistaken as to the exact time they saw the defendant at the time the crime is alleged to have been committed.''

The error pointed out is that the court erred in saying that the jury should scrutinize the testimony of witnesses to see if any of them may not be mistaken as to dates and times when they saw the defendant. The language used does not make the instruction so inherently defective as to make it erroneous and prejudicial to the rights of the defendant, in the absence of a specific objection to it. *Bruder* v. *State,* 110 Ark. 402, and *Griffin* v. *State,* 141 Ark. 43.

In telling the jury to scrutinize the testimony of the witnesses testifying with regard to the alibi of the defendant, it cannot be said, as a matter of law, that the court instructed the jury to consider that evidence more closely than the other evidence in the case. If the defendant thought that it had this meaning and was calculated to mislead the jury, he should have, as above stated, made a specific objection to this instruction, and doubtless the court would have changed the verbiage of it. Hence we do not consider this assignment of error well taken.

The indictment in this case accuses the defendant, John Miller, of the crime of selling intoxicating liquors, committed as follows, to-wit:

". "The said defendant, John Miller, in the county, district, and State aforesaid, on the 15th day of May, 1923, unlawfully and feloniously did sell and unlawfully and feloniously was interested in the sale of ardent, vinous, malt, spirituous, fermented, alcoholic and intoxicating liquor, against the peace and dignity of the State of Arkansas."

Where a statute makes indictable two or more distinct acts connected with the same transaction, each of which may be considered as representing a phase of the same transaction, they may be charged conjunctively in a single count, as constituting but a single offense. *Cox* v. *State,* 149 Ark. 387.

This court has held that an indictment under our statute alleging that the defendant "unlawfully did sell and was unlawfully interested in the sale of one pint of alcoholic, ardent, and vinous liquors," is sufficient, and charges but one offense. *Davis* v. *State,* 50 Ark. 17, and *Thompson* v. *State,* 37 Ark. 408; and see *Gramlich* v. *State,* 135 Ark. 243.

. This rule applies here, and we hold that the indictment charges but one offense.

We find no reversible error in the record, and the judgment will be affirmed.