WILKERSON v. STATE.

Opinion delivered November 4, 1929.

*Partain & Agee,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted in the circuit court of Crawford County on separate counts charging the crimes of forgery, uttering a forged instrument, and false pretense. A demurrer in short to the indictment was made, entered on the record, and, over the objection and exception of appellant, overruled by the court. Appellant then moved the trial court to require the State to elect upon which count of the indictment it would stand. The court ordered the trial to proceed, and reserved its ruling on this motion until the testimony was concluded, and then sustained it, whereupon the State elected to stand on the count charging false pretense. Appellant objected, and saved his exception to the refusal of the court to require the State to elect upon which count it would stand at the beginning of the trial.

During the introduction of the State's evidence T. Guy Reed was allowed to testify, over the objection and exception of appellant, that, when appellant presented the check of Smith & Mallory he was induced to cash the same upon the representation of appellant that Smith & Mallory had an agreement by which the checks of the firm would be signed "Smith" by Smith and "Mallory" by Mallory, without the initials of either. The court also

allowed the State to prove by R. E. Covey, over the objection and exception of appellant, that Bob Smith and Ralph Mallory had an understanding with the Crawford County Bank, of which Covey was cashier, that checks drawn on the partnership account should be signed in the firm name with the name "Smith" signed by Bob Smith and the name "Mallory" signed by Ralph Mallory, which understanding and agreement took place in the absence of appellant. At the conclusion of the testimony the court, among other instructions, over the objection and exception of appellant, instructed the jury as follows:

"If you find that Bob Smith and Ralph Mallory were partners at the time this offense is alleged to have been committed, and that these partners were restricted and limited in their powers such that neither was to have the authority to sign the name of the other partner to checks, and that this limitation of authority was known to the defendant, Jim Wilkerson, and that the said Jim Wilkerson knowingly entered into a conspiracy to defraud with Ralph Mallory, and that the defendant, Wilkerson, cashed the check in question at the store of T. Guy Reed and obtained from the said T. Guy Reed any money or thing of value in the excess of ten dollars, and that he represented to the said T. Guy Reed that the check was signed by the proper persons, both Smith and Mallory, and that the check was for work, and that the said T. Guy Reed believed in and relied on the representations made, and parted with his money or his goods in excess of the value of ten dollars by reason of said representations, and that such representations were known to be false by the defendant, Jim Wilkerson, and were made with the intent to cheat and defraud the said T. Guy Reed out of his money and goods in excess of ten dollars, then you will convict the defendant, and fix his punishment at not less than one nor more than five years in the penitentiary."

The trial resulted in a conviction of appellant on the count charging false pretense, and as a punishment therefor he was adjudged to serve a term of one year in the

State Penitentiary, from which he has duly prosecuted an appeal to this court.

The first assignment of error urged by appellant for a reversal of the judgment is the trial court's action in overruling his demurrer in short to the indictment. It is argued that the description of the property claimed to have been obtained through false pretense was insufficient. It was not. The count charged appellant with obtaining from T. Guy Reed ''certain goods, merchandise and money, current money of the United States of America, of the value of $12, the personal property of said Reed,'' by fraudulently representing an unauthorized check to have been properly signed and genuine. The description of the property in cases of this character is sufficient if it apprises the accused of the property he is alleged to have received. This indictment, in effect, charged appellant with exchanging the check to Reed for goods, merchandise and current money of the United States of America of the value of $12. This necessarily apprised him, that he was charged with receiving both merchandise and money in exchange for the check. It is true that the count did not particularize the exact amount of each that he received, but did specify the total amount of both, and that he received both kinds of property in exchange for the check.

Appellant also argues that, even though the description of the property in the indictment was sufficient, the proof failed to show the value of the property received. A single value of the total amount of the property received was alleged to be $12. The reasonable inference deducible from the testimony of Reed and appellant is that appellant received the full value of the check in goods and money. This proof was sufficient to sustain the verdict and judgment.

The next assignment of error urged by appellant was the action of the trial court in permitting T. Guy Reed to testify that appellant represented to him that the check was signed by both Smith and Mallory, and that he cashed the check on account of the representation. The objection

made to Reed's testimony in this regard was that the count contained no such charge. It is true that the count did not charge that Reed relied upon the representation that the check was signed in any particular manner, but the count did charge that the check was issued without authority, and that, by reason of the false and fraudulent representation that it was genuine, Reed was induced to part with his property. As the State alleged that the check was false, testimony was admissible to show appellant's representation to the effect that it was valid.

Appellant's next assignment of error for a reversal of the judgment was the action of the trial court in permitting Covey to testify to the agreement between Smith, Mallory and the bank relative to the manner in which the checks must be signed to validate them. The objection made to the testimony is that appellant had no knowledge of the understanding or agreement. The testimony tended to show that he did have such knowledge. Smith testified that appellant had worked for them quite awhile, and was frequently compelled to wait for his check until he came and signed his own name thereto.

The last assignment of error urged by appellant for a reversal of the judgment is that the court erred in giving instruction number 12, heretofore set out at length in this opinion. The first argument made is that the instruction told the jury that they might find the defendant guilty if he entered into a conspiracy to defraud with Ralph Mallory, without saying that the conspiracy entered into was for the purpose of defrauding Reed out of his property. The instruction, in effect, does say that the purpose of the conspiracy was to defraud Reed out of his property, because it told the jury that before they could convict appellant they must find that he cashed the check in question at the store of Reed, and obtained from him money or things of more than $10 in value. According to our interpretation of the instruction, this was clearly its meaning, and we do not find any ambiguity therein. If, however, appellant thought it susceptible of any other construction, the alleged error should have been

reached by specific objection. None was made. *Stotts* v. *State,* 170 Ark. 188, 279 S. W 364.

The next argument made is that the instruction submitted to the jury the question as to whether Reed relied upon the representations of appellant that the check was properly signed, and was received by him for work. The suggestion is made that Reed did not testify that he relied upon these representations in cashing the check. Appellant is mistaken in saying that Reed did not testify that he cashed the check in reliance upon these representations. Reed in his testimony stated that he relied upon these representations. The following interrogatory and answer thereto appear in Reed's evidence:

"Q. Did you rely on what he said about the check being for work, and about it being signed by Smith and Mallory, both, in cashing the check? A. Yes sir."

No error appearing, the judgment is affirmed.

HART, C. J., dissents.