SAMMONS v. STATE.

4443                                               201 S. W. 2d 37

Opinion delivered April 21, 1947.

*J. F. Quillin* and *Boyd Tackett*, for appellant.

*Guy E. Williams*, Attorney General, and *Arnold Adams*, Assistant Attorney General, for appellee.

ROBINS, J. Appellant, charged by information with assault with intent to kill, was by a jury found guilty of aggravated assault and his punishment was fixed at a $500 fine and imprisonment in jail for sixty days. He has appealed from a judgment entered on the verdict.

The following assignments of error are urged as grounds for reversal:

(1) That the trial court erred in giving instruction No. 3 at the request of the State.

(2) That the court erred in refusing to give instruction No. 13 requested by appellant.

## I.

Instruction No. 3, given at the request of the State, was incorrectly worded in that certain portions necessary to complete the meaning of same were apparently omitted. But only a general objection to this instruction was made. If the omission of the appropriate words had been called to the attention of the trial court a correction thereof would have no doubt been made. Since the instruction was not inherently wrong, a general objection thereto was not sufficient. *Burnett* v. *State*, 80 Ark. 225, 96 S. W. 1007; *Bell* v. *State*, 93 Ark. 600, 125 S. W. 1020; *Banks* v. *State*, 133 Ark. 169, 202 S. W. 43; *Markham* v. *State*, 149 Ark. 507, 233 S. W. 676; *Guerin* v. *State*, 150 Ark. 295, 234 S. W. 26; *Graves* v. *State*, 155 Ark. 30, 243 S. W. 855; *Poyner* v. *State*, 158 Ark. 643, 244 S. W. 17; *Williams* v. *State*, 156 Ark. 205, 246 S. W. 503; *Miller* v. *State*, 160 Ark. 469, 254 S. W. 1069; *Wilkerson* v. *State*, 180 Ark. 280, 21 S. W. 2d 183; *Atwood* v. *State*, 184 Ark. 469, 43 S. W. 2d 70.

## II.

Appellant's requested instruction No. 13 was as follows:

"You are instructed that if you find from the evidence that the defendants had the right to be at the place where they were found by the prosecuting witness, and if you further find that the cause of the altercation, if any, between defendants and the prosecuting witness was the result of the attempt, if any, of the prosecuting witness to prevent the defendants from carrying on their lawful occupation or from being at the place where they were then located, then the defendants and each of them had the right to defend themselves against a threatened assault and that in so doing, if you find that they did so defend themselves, they would not be guilty of any violation of law, and if you find from the evidence that they did so defend themselves without provoking such altercation, if any, then you will find the defendants not guilty of any charge."

The court gave the following instruction which embodied all the declarations of law, contained in the above instruction, which appellant was entitled to have made to the jury, to-wit:

"You are instructed that the defendant, Pete Sammons, had the right, if he was engaged in a lawful occupation at a place where he had the lawful right to be, to defend himself against an unlawful assault and to use all means which a reasonably prudent person would deem necessary under the circumstances as then appearing to him, acting without fault or carelessness in arriving at such conclusion to protect himself against such unlawful assault, if any was committed upon him by Marvin Walker."

We have frequently held that it is not error for a trial court to refuse a requested instruction where the declaration of law contained therein is given to the jury in other instructions. *Hicks* v. *State,* 193 Ark. 46, 97 S. W. 2d 900; *Denton* v. *State,* 189 Ark. 284, 71 S. W. 2d 197;

*Hannah* v. *State,* 183 Ark. 810, 38 S. W. 2d 1090; *Wallin* v. *State,* 210 Ark. 616, 197 S. W. 2d 26.

Numerous other instructions, in which the necessary elements of the offenses charged in the information were properly explained, and in which the law of self-defense was correctly set forth, were given to the jury. The instructions, taken as a whole, fairly and fully presented the principles of law applicable.

It is not urged by appellant that the evidence was not sufficient to sustain the verdict. However, we have carefully reviewed the testimony and find that it abundantly supports the jury's finding.

No error appearing in the record, the judgment of the lower court is affirmed.